Jose **VELASQUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47901.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Wanda E. Creamer, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Anita Ashton, Asst. Dist. Atty., El Paso, Jim

D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted on May 23, 1972, of felony theft. He was placed on probation for 10 years conditioned that he commit no offense against the laws of this state. His probation was revoked on July 2, 1973, from which he appeals.

The motion for revocation alleged that appellant on January 23, 1973, was legally in a retail business establishment as an invitee and licensee and did remove five pair of men's slacks with the intent to fraudulently take such property and to appropriate same to his own use. See Article 1436e, § 1, Vernon's Ann.P.C.

Appellant presents the sole contention that the evidence was not sufficient.

At the hearing on the motion to revoke the evidence shows that the appellant was observed on January 23, 1973, by the assistant manager of the W. T. Grant store taking pants off a rack in the men's department and stuffing them into a sack. The appellant walked out of the store through the side door and was stopped approximately twenty or thirty feet outside the store by the assistant manager. The appellant and his companion were brought back into the store at which time the sack was opened and the merchandise was removed.

There were five (5) pair of pants all of which had a price tag and W. T. Grant identification tag on them.

There are numerous references in the record to W. T. Grant as the "store" or the "Grant's store." A store by its very definition is a retail business establishment. The appellant during his testimony stated that he and his companion "walked into the store." Further, he testified that his companion "wanted to see some of the baby clothes" and that he "stopped at the men's department, and I was looking at the shirts and things." A similar case, Blankenship v. State, Tex.Cr.App., 390 S.W.2d 767 held that testimony by the defendant accused of shoplifting to the effect that she entered the store to purchase merchandise established the fact that she was legally in the store as an invitee or licensee to comply with the requirements of Art. 1436e, V.A.P.C.

The merchandise found in the sack was identified by the assistant manager as pants which had been hanging on the rack in the men's department of the store and were marked with price tags. In Stuckey v. State, Tex.Cr.App., 486 S.W.2d 574, 575, it was held that there was sufficient testimony that the articles in question were taken from "its place" as required by statute when a store employee testified that she observed the defendant remove the articles "off of the shelve where they were at" and the boot rack was the place where the boots were displayed for sale.

The evidence clearly shows that the appellant entered the store legally as an invitee or licensee and removed the pants which were displayed for sale with the intent to fraudulently take them and to deprive the owner of the value of the same and to appropriate the same to his own use and benefit.

We find the evidence sufficient; no abuse of discretion having been shown, the judgment is affirmed.

Opinion approved by the Court.