Felix ONWUKWE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00031–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 17, 2005.

James M. Ardoin III, Houston, TX, for Appellant.

Kevin P. Keating, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

TERRY JENNINGS, Justice.

A jury found appellant, Felix Onwukwe, guilty of the offense of theft of property worth more than $50 but less than $500.[1] After assessing his punishment at confinement for 180 days and a fine of $200, the trial court suspended the sentence and placed appellant on community supervision for two years. In two issues, appellant contends that the trial court erred in admitting demonstrative evidence and that the evidence was factually insufficient to support his conviction. We affirm.

### Factual and Procedural Background

Jeremy Moye, a Wal–Mart store loss prevention associate, testified that, on or about March 29, 2004 at approximately 2:00 p.m., he saw appellant place five watches into a shopping cart while shopping at a Wal–Mart store. Moye found appellant's positioning of the items in the basket to be highly suspicious, and he, along with his co-worker, Kathy Lucas, decided to monitor appellant. As Moye and Lucas followed and watched appellant,

---

1. Tex. Pen.Code Ann. § 31.03(a),(e)(2)(A)(i) (Vernon Supp.2004–2005).

appellant attempted to conceal the watches within a vacuum cleaner box. When the watches would not fit into the vacuum cleaner box, appellant returned the box to its original location. Appellant then selected a "Wind Tower" fan box, cut the packaging tape to open the box, concealed the watches inside, and used Wal–Mart tape from a store shelf to reseal the "Wind Tower" box. Appellant proceeded to the checkout line and paid for the "Wind Tower" fan and some produce and shirts that he had selected while shopping. After appellant exited the store, Moye approached appellant and asked him to return to the store. Moye lead appellant to the loss prevention office where Moye opened the "Wind Tower" box and recovered the watches and a pair of reading glasses. At this point, appellant asked to pay for the merchandise. Moye reported the incident to the Houston Police Department, and appellant was arrested for the theft of five watches, a pair of glasses, and the tape used to reseal the box.

Lucas, a loss prevention trainee, testified that she, along with Moye, saw appellant select five watches from the jewelry department. Moye instructed Lucas that, in his experience, the multiple selection of the same item can often be an indication of an intent to steal. Moye and Lucas followed appellant as he proceeded to the domestics section, opened up a vacuum cleaner box, circled the department, and then returned the box to its place. Appellant next selected a "Wind Tower" fan box, cut the box open with a razor, lifted the flap, and put the watches inside the fan box. Appellant sealed the box with tape and proceeded to the register to pay for the "Wind Tower" fan, some shirts, and produce. After appellant exited the store with the watches concealed in the fan box, Lucas and Moye approached appellant and asked him to return to the store. Inside the loss prevention office, Moye opened

the box and "poured out the fan and the watches fell along with it and the glasses." Appellant then asked if he could pay for the merchandise. After Moye called the Houston Police Department to report the incident, Lucas refunded appellant's purchase of the fan and shirts.

Appellant testified that he drove to the Wal–Mart store on his lunch break in order to purchase fruit, and, while there, he also decided to purchase some clothing and a fan. As appellant was leaving the store, an alarm sounded and a loss prevention officer stopped appellant and asked to investigate what was setting off the alarm. Appellant testified that he and Moye entered a small room where Moye, with appellant's back turned to him, searched the contents of appellant's cart and began writing a report of the incident. Moye produced five watches in a blue Wal–Mart bag, took pictures of the merchandise as well as appellant, and called the Houston Police Department. As police officers arrested appellant, appellant heard Moye state that, "he was going to get all these foreigners one at a time in this store." Appellant stated that he did not see Moye remove the watches from the fan box, and he denied stealing any merchandise.

### Demonstrative Evidence

In his first issue, appellant argues that the trial court erred in admitting demonstrative evidence as it should not have allowed the State to present an empty ceramic heater box with dimensions different from the "Wind Tower" fan box allegedly used in the commission of the theft. Appellant asserts that (1) an exact replica of the "Wind Tower" fan box was available to the State; (2) the probative value of the empty ceramic heater box was too weak to outweigh the prejudice to appellant; and (3) the trial court failed to fully and prop-

erly instruct the jury of the limitations of the evidence.

 Initially, we note that it is within the trial court's discretion to admit into evidence a similar type instrument used in the commission of an offense if it is relevant and material to an issue in the case, is not overly inflammatory, and the original, if available, would be admissible. *Simmons v. State*, 622 S.W.2d 111, 113 (Tex. Crim.App.1981); *Fletcher v. State*, 902 S.W.2d 165, 166 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd). The lack of positive identification of an instrumentality used during the commission of an offense affects its weight rather than its admissibility. *Simmons*, 622 S.W.2d at 113–14; *Fletcher*, 902 S.W.2d at 166–67. If the weapon or instrumentality depicted as a replica is not an exact replica or duplicate, but is merely "similar to" the original, then its admissibility is subject to an abuse of discretion. *Simmons*, 622 S.W.2d at 111, 113. An abuse of discretion occurs when the trial court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Galliford v. State*, 101 S.W.3d 600, 604 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd).

### *Availability of Original*

Relying on *Simmons*, appellant asserts that "a non-exact replica is admissible *only if the original is not available.*" However, the Texas Rules of Evidence allow parties to present all evidence that is relevant and material to an issue in the trial court unless its probative value is outweighed by the danger of unfair prejudice. Tex.R. Evid. 402, 403. Moreover, *Simmons* does not mandate that the original instrument used in the offense be "unavailable" as a prerequisite to the admissibility of an object that is not an exact replica or duplicate of the original. Rather, *Simmons* merely requires that the "the original, if

available, would be admissible." 622 S.W.2d at 113. To the extent that other intermediate courts of appeals have attributed such an "unavailability" requirement to *Simmons*, we note our respectful disagreement. *See Devis v. State*, 18 S.W.3d 777, 785 (Tex.App.-San Antonio 2000, no pet.); *Orrick v. State*, 36 S.W.3d 622, 626 (Tex.App.-Fort Worth 2000, no pet.); *Miskis v. State*, 756 S.W.2d 350, 352 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd).

### *Unfair Prejudice*

 Appellant next argues that the "probative value of the [ceramic heater box] ... does not outweigh the prejudicial effect its use had on the jury" because the ceramic heater box had different dimensions than the box allegedly used in the commission of the offense and, as opposed to the box allegedly used in the commission of the theft, the ceramic heater box was empty. Appellant asserts that the State's use of the empty ceramic heater box implied that appellant could have easily slipped the stolen items into the box. Appellant also complains that, during the trial, the State referred to the ceramic heater box as the actual box used in the commission of the crime.

 Initially, we note that the test propounded by appellant differs from the standard mandated by the Texas Rules of Evidence, which provides that all relevant evidence may be admitted unless its probative value is "*substantially* outweighed by the danger of unfair prejudice." Tex.R. Evid. 403 (emphasis added). Demonstrative evidence is admissible at trial of a criminal case if it tends to resolve some issue in the case and is relevant. *Simmons*, 622 S.W.2d at 113. Additionally, an article sought to be exhibited to the jury must be shown to be properly identified, as against any idea of speculation, conjecture, or presumption of what the exhibit represents. *Id.*

Here, the state noted that it was using the ceramic heater box only for the purpose of demonstrating the approximate dimensions of the box allegedly used in the commission of the offense. Additionally, the trial court noted, in front of the jury, that the box "was offered just as [a] similar box." The testimony of the witnesses made clear that the actual box used in the commission of the offense had slightly varying dimensions and was not empty. The record also reveals that the jury was able to view the dimensions of the replica "Wind Tower" box presented by appellant.

Again, "[d]emonstrative evidence is admissible if it tends . . . to shed light on the subject at hand." *Simmons*, 622 S.W.2d at 113. The exhibit was used to assist the jury in identifying the manner in which appellant committed the theft. The record does not demonstrate that the ceramic heater box was overly inflammatory; nor is this a situation where any distinguishing characteristics of the replica, when compared to that of the original instrumentality allegedly used in the commission of the offense, significantly affected the probative value of the exhibited box. *See Simmons*, 622 S.W.2d at 113. Accordingly, we hold that the trial court did not abuse its discretion in concluding that the probative value of the ceramic heater box was not substantially outweighed by the danger of unfair prejudice.

### *Failure to Properly Instruct Jury*

■ Finally, although appellant contends that he was entitled to an instruction explaining to the jury that both the photograph of a vacuum box and the ceramic heater box introduced into evidence were admitted for limited purposes, appellant did not ask for any such limiting instruction. When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. TEX.R. EVID. 105(a). However, "in the absence of such request, the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal." *Id; Hammock v. State*, 46 S.W.3d 889, 893 (Tex.Crim.App.2001). Here, appellant did not ask the trial court to give a limiting instruction and, therefore, has waived this complaint on appeal. TEX.R. EVID. 105(a).

We hold that the trial court did not abuse its discretion in admitting the demonstrative evidence. Accordingly, we overrule appellant's first issue.

### Factual Sufficiency

■ In his second issue, appellant argues that the evidence was factually insufficient to support his conviction because the State's witnesses were "not credible."

In our factual sufficiency review, we view all of the evidence neutrally, and we will set aside the verdict "only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met." *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex.Crim.App. 2004). When undertaking a factual sufficiency review, we may not merely substitute our opinion for that of the trier of fact and determine that we would reach a different conclusion. *Merckling v. Curtis*, 911 S.W.2d 759, 763 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

A person commits the class B misdemeanor offense of theft if he unlawfully appropriates property valued between $50 and $500 with the intent to deprive the owner of the property. TEX. PEN.CODE ANN. § 31.03(a), (e)(2) (Vernon Supp.2004–2005).

Here, two Wal–Mart employees testified that they saw appellant attempt to conceal merchandise in the "Wind Tower" fan box and then leave the store without paying for the concealed merchandise. They testified that they lead appellant to the loss prevention office and recovered 5 watches and a pair of glasses from the "Wind Tower" box. Appellant testified that he "did not stuff anything into the fan box." Appellant also presented a replica of the fan box that he had bought at Wal–Mart on the day of the theft, and he asked Moye to place five watches and a pair of glasses into the box. Moye admitted that it would be impossible to do so without removing the styrofoam from the fan box, and although both Lucas and Moye testified that they did not take their eyes off appellant after he placed the watches in his cart, neither saw appellant remove styrofoam from the fan box before placing the items into the box. Further, appellant asserts that the jury should not have given the testimony of the State's witnesses a great amount of weight because Moye and Lucas each made contradictory statements and failed to mention in their reports that appellant asked to pay for the watches or that styrofoam had been removed from the fan box.

■ A decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State. *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Moreover, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and the jury may believe or disbelieve all or any part of a witness's testimony. *Vasquez v. State,* 67 S.W.3d 229, 236 (Tex.Crim.App.2002).

We conclude that the verdict is not clearly wrong and that the evidence is not such that the standard of proof beyond a reasonable doubt could not have been met.

Accordingly, we hold that the evidence was factually sufficient to support appellant's conviction.

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.