COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-362-CR

 

 

ROBIN LUREE MOODY                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








Robin Luree Moody pleaded guilty to one count of theft of
property valued between $500 and $1,500Ca class A
misdemeanor.  See Tex. Penal Code Ann. '12.21 (Vernon
2003).  The trial court assessed the
maximum punishment of 365 days= confinement, to
be served in the Denton County jail.  See
id.  Appellant raises two issues on
appeal.  First, Appellant argues that the
State failed to prove two unadjudicated extraneous offenses beyond a reasonable
doubt during sentencing.  Thus, argues
the Appellant, the record is factually insufficient to support the trial court=s assessment of
the maximum punishment.  Second,
Appellant argues that the State failed to timely provide her with the names of
witnesses it intended to call regarding these two unadjudicated extraneous
offenses.  We affirm. 

II. Factual and Procedural Background








On May 14, 2005, a supervisor of Linens-n-Things in Flower
Mound, Texas, witnessed Appellant come in and out of the store several times
within a fifteen to twenty minute span. 
Shortly after, another employee informed the supervisor that Appellant
had left the store with a shopping cart containing items that had not been paid
for.  The supervisor and the employee
followed Appellant out of the store. 
When Appellant saw them, Appellant abandoned the cart, got into her car,
and drove away.  The employee wrote down
the license plate number.  The police
later used that information to trace the car to a rental agency, which led the
police to Appellant.  She was charged
with the theft of property valued between $500 and $1,500.  Appellant waived her right to a jury trial
and entered a plea of guilty.  At the
punishment phase before the trial court, two witnesses testified for the State
concerning these events.  The trial court
also admitted, without objection, copies of three prior judgments against
Appellant for theft.  The State also put
on several witnesses concerning two unadjudicated extraneous offenses.  Both of these alleged offenses occurred after
the events involved in this case and are the subject of this appeal.  

Appellant admitted at the hearing that at the time of trial
in this case, these two extraneous offenses were pending cases in Collin
County, Texas.  The trial court sentenced
Appellant to serve 365 days= confinement in
the Denton County jailCthe maximum sentence for her offense.  See Tex.
Penal Code Ann. ' 12.21.  Appellant appealed to this court. 

III. Discussion

A. Sufficiency of Evidence of the Extraneous Offenses








In her first issue, Appellant argues that the State failed
to prove the two unadjudicated extraneous offenses beyond a reasonable doubt
during sentencing.  Thus, argues
Appellant, the record is factually insufficient to support the trial court=s assessment of
the maximum punishment.  We
disagree.            Generally, at sentencing, a trial court may admit evidence
of unadjudicated extraneous offenses.  Smith
v. State, 227 S.W.3d 753, 759-60 (Tex. Crim. App. 2007).  But the authority of the trial court to admit
this type of evidence is not unconditional. 
Id.  The State must show, beyond a reasonable doubt, that the defendant
committed or could be held responsible for an unadjudicated extraneous offense
or Abad act.@  Id.;
Haley v. State, 173 S.W.3d 510, 514 (Tex. Crim. App. 2005) (citing Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (1)
(Vernon 2006)).  

When an appellant complains on appeal of the sufficiency of
the evidence of an extraneous offense at the punishment phase, the complaint is
not truly about sufficiency.  See
Malpica v. State, 108 S.W.3d 374, 378-79 (Tex. App.CTyler 2003, no
pet.)  Rather, the complaint goes to the
admission of the evidence.  Id.  The trial court is deemed the sole
arbiter on the threshold issue of admissibility of relevant evidence during the
punishment phase of a trialCreviewed under an
abuse of discretion standard.   Mitchell
v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  The finder of fact determines
whether the State has met its burden of proof regarding the evidence.  Id.  When
the punishment is determined by the trial court, the trial court assumes both
of these roles.  See Smith, 227
S.W.3d at 759-60.  

With this paradigm in mind, we will construe Appellant=s complaint as a
challenge to the admission of the extraneous offense evidence.  And we will examine the extraneous offense
evidence complained of and decide whether 
the trial court abused its discretion by determining that there is
evidence upon which a fact finder could find beyond a reasonable doubt that
Appellant committed the extraneous offenses. 









Three witnesses testified concerning the first
unadjudicated offense, which allegedly occurred at a Whole Foods grocery in
Plano, Texas, on September 21, 2005.  One
of the witnesses, an employee of Whole Foods, testified that he observed
Appellant near the checkout line with a cart of groceries.  He testified that he observed Appellant wait
until the manager and security guard turned their backs and then Abol[t] out the
door.@  The employee immediately notified his manager
and the store=s security guardCa fully-uniformed
off-duty police officer.    

The manager of Whole Foods also testified.  He had been standing near the door with the
officer when Appellant allegedly absconded with the cart of groceries.  The employee who had observed Appellant leave
had told him that Asomebody just walk[ed] out [of] the store
with a basket full of stuff.@  He testified that he then observed Appellant
pushing a cart of unbagged groceries toward a car.  He further testified that he and the officer
called out for her to stop.  Appellant
then abandoned the cart and got into her car. 
He also witnessed the officer prevent Appellant from driving away and
arrest her.  At trial, he identified
Appellant as the culprit.  








The officer then testified to her account of the
events.  Her recollection parallels that
of the manager.  But her testimony was
more in-depth concerning her efforts to apprehend Appellant.  After the officer had called out to
Appellant, she too witnessed Appellant abandon the cart and Ar[u]n toward her
vehicle.@  The officer further testified that Appellant
locked her door and started the engine. 
The officer told Appellant to get out of the car, to which Appellant
responded that the cart was not hers. 
Because Appellant was blocked from driving forward, the officer went and
stood behind the car, recorded the license plate number, and noted that the car
was marked with a rental agency sticker. 
Appellant responded by slowly backing toward the officer.  The officer then slammed her hand on the
trunk and again ordered the Appellant to exit the car. After being convinced
that Appellant would not comply, the officer successfully entered the car using
the rear driver=s-side door.  Once in the vehicle, the officer commanded
Appellant Aseveral times@ to stop the
car.  Appellant eventually succumbed to
the officer=s demands. 
The officer turned off the engine, ordered Appellant out of the car, and
arrested her.  








Two witnesses testified to the events surrounding the
second unadjudicated extraneous offense. 
The first witness was the assistant manager of an Ann Taylor retail
store in Plano, Texas.  She had observed
Appellant in the store with several pieces of clothing over her arm.  She then observed Appellant running away from
the store.  By that time, her supervisor
had run to the door and relayed the license plate number of the car that
Appellant had left in.  The next witness
to testify concerning the second unadjudicated offense was a Plano detective
who had been assigned to the case.  The
detective used the license plate information to trace the car to yet another
rental agency.  That information led
Plano police to Appellant.  








In a number of shoplifting
cases in which courts have addressed the factual
sufficiency of the evidence in proving the offense of theft beyond a reasonable
doubt, testimony that the defendant was seen either taking or concealing the
property was held factually sufficient to prove that the defendant had
committed a theft.  See, e.g., Hill v.
State, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981); Velasquez v. State,
503 S.W.2d 239, 240 (Tex. Crim. App. 1973). 
For example, in Hill, the only testimony submitted to the jury on
the issue of guilt was that of the complaining witness.  633 S.W.2d at 521.  The witness testified that he saw the
defendant attempting to tuck one piece of merchandise under his shirt.  Id. 
When the defendant was asked what he was doing, he dropped that
piece of merchandise, removed another from under his shirt, and then fled the
store.  Id.  In Velasquez, the only evidence was the
sole testimony of an assistant manager of a retail store.  503 S.W.2d at 240.  The assistant manager testified that the
defendant was observed taking several pairs of pants off a rack, stuffing them
into a sack, and then walking out the side door with the sack without
paying.  Id. The court of criminal
appeals held that there was factually sufficient evidence for the conviction of
theft in both cases. Hill, 633 S.W.2d at 521; Velasquez, 503
S.W.2d at 240; see also Onwukwe v. State, 186 S.W.3d 81, 86 (Tex.
App.CHouston [1st
Dist.] 2005, no pet.) (holding evidence factually sufficient to support
conviction of theft when two store employees testified that they saw defendant
attempt to conceal merchandise and then attempt to leave store without paying).


Here, the trial court had even more evidence as to each of
the alleged unadjudicated extraneous offenses than existed in either Hill or
Velasquez. Thus, we hold the trial court did not abuse its discretion by
determining that the evidence established beyond  a reasonable doubt that Appellant committed
the extraneous offenses.  We overrule
Appellant=s first issue.  

B. Notice of Intent To Use Extraneous Offense Evidence

In her second issue, Appellant argues that the State failed
to timely provide her with the names of witnesses it intended to call regarding
the two unadjudicated extraneous offenses. 
We disagree.








As a general rule, the State is required to give notice of
intent to introduce evidence regarding extraneous crimes or bad acts that have
not resulted in a conviction.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(a)(2)(g)
(Vernon 2006).  However, the State=s duty to provide
reasonable notice is triggered only by a timely request.  Mitchell v. State, 982 S.W.2d 425, 427
(Tex. Crim. App. 1998).  A timely request
cannot be self-executing but rather must be ruled on by the trial court.  Id. The policy behind requiring the
trial court to rule on such requests is to prevent the gamesmanship between
advocates that could arise out of an ad hoc approach to this procedure.  Id.  ATo hold otherwise
would encourage . . . defendants to bury requests in voluminous
motions, hoping the State would either overlook it or believe [the] request to
be contingent on a court order.@  Id.

Appellant cites the unpublished opinion of Lathrop v.
State for the proposition that the State may not wait until the day of the
punishment hearing to inform a defendant of the names of its witnesses and the
subject of their testimony.  No.
04-04-00156-CR, 2005 WL 49480 (Tex. App.CSan Antonio 2005,
pet. ref=d) (mem. op.) (not
designated for publication).  Therefore,
Appellant contends, the trial court erred by allowing the witnesses to testify
in this case because the State informed Appellant of its witness list only on
the first day of the punishment hearing. 
Appellant=s reliance on Lathrop is misguided. 








In reviewing Lathrop, we conclude that it is clear
the defendant in that case had filed numerous pre-trial motions, including,
among other motions, two motions specifically requesting disclosure by the
State concerning its intent to use extraneous offense evidence.  Id. at *1.  More importantly, Lathrop=s  motions were granted by the trial court.  Id. 
In this case, by Appellant=s own admission,
she made only an oral request for information regarding the extraneous offense
evidence.  Thus, there were no motions
for the trial court to rule on. 
Moreover, the only Aevidence@ that Appellant
ever made a request upon the State is a self-serving affidavit concerning an
oral request for this information.[2]  This is the very type of ad hoc approach that
the court of criminal appeals declined to endorse in Mitchell.   982 S.W.2d at 427.  We overrule Appellant=s second issue.

IV. Conclusion

Having overruled both of Appellant=s issues, we
affirm the trial court=s judgment. 

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:  October 25, 2007

 











[1]See Tex. R. App. P. 47.4





[2]The
State correctly points out that the record is void of any indication that this
affidavit was ever introduced at trial. 
Even if the affidavit were dispositive on this issue, we would be
prohibited from considering it as evidence for the first time on appeal.  See Whitehead v. State, 130
S.W.3d 866, 872 (Tex. Crim. App. 2004) (holding appellate court may not
consider factual assertions that are outside the record and party cannot
circumvent this prohibition by submitting affidavit for first time on appeal).