COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-362-CR

ROBIN LUREE MOODY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Robin Luree Moody pleaded guilty to one count of theft of property valued between $500 and $1,500—a class A misdemeanor. 
 See
 
Tex. Penal Code Ann.
 §12.21 (Vernon 2003).  The trial court assessed the maximum punishment of 365 days’ confinement, to be served in the Denton County jail.  
See id.
  Appellant raises two issues on appeal.  First, Appellant argues that the State failed to prove two unadjudicated extraneous offenses beyond a reasonable doubt during sentencing.  Thus, argues the Appellant, the record is factually insufficient to support the trial court’s assessment of the maximum punishment.  Second, Appellant argues that the State failed to timely provide her with the names of witnesses it intended to call regarding these two unadjudicated extraneous offenses.  We affirm. 

II. Factual and Procedural Background

On May 14, 2005, a supervisor of Linens-n-Things in Flower Mound, Texas, witnessed Appellant come in and out of the store several times within a fifteen to twenty minute span.  Shortly after, another employee informed the supervisor that Appellant had left the store with a shopping cart containing items that had not been paid for.  The supervisor and the employee followed Appellant out of the store.  When Appellant saw them, Appellant abandoned the cart, got into her car, and drove away.  The employee wrote down the license plate number.  The police later used that information to trace the car to a rental agency, which led the police to Appellant.  She was charged with the theft of property valued between $500 and $1,500.  Appellant waived her right to a jury trial and entered a plea of guilty.  At the punishment phase before the trial court, two witnesses testified for the State concerning these events. 
 The trial court also admitted, without objection, copies of three prior judgments against Appellant for theft.  The State also put on several witnesses concerning two unadjudicated extraneous offenses.  Both of these alleged offenses occurred after the events involved in this case and are the subject of this appeal.  

Appellant admitted at the hearing that at the time of trial in this case, these two extraneous offenses were pending cases in Collin County, Texas.  The trial court sentenced Appellant to serve 365 days’ confinement in the Denton County jail—the maximum sentence for her offense.  
See 
Tex. Penal Code Ann.
 
§ 
12.21.  Appellant appealed to this court. 

III. Discussion

A. Sufficiency of Evidence of the Extraneous Offenses

In her first issue, Appellant argues that the State failed to prove the two unadjudicated extraneous offenses beyond a reasonable doubt during sentencing.  Thus, argues Appellant, the record is factually insufficient to support the trial court’s assessment of the maximum punishment.  We disagree.   Generally, at sentencing, a trial court may admit evidence of unadjudicated extraneous offenses.  
Smith v. State
, 227 S.W.3d 753, 759-60 (Tex. Crim. App. 2007).  But the authority of the trial court to admit this type of evidence is not unconditional.  
Id.
  
The State must show, beyond a reasonable doubt, that the defendant committed or could be held responsible for an unadjudicated extraneous offense or “bad act.”
  
Id.; Haley v. State
, 173 S.W.3d 510, 514 (Tex. Crim. App. 2005) (citing 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a) (1) (Vernon 2006))
.
  

When an appellant complains on appeal of the sufficiency of the evidence of an extraneous offense at the punishment phase, the complaint is not truly about sufficiency.  
See Malpica v. State
, 108 S.W.3d 374, 378-79 (Tex. App.—Tyler 2003, no pet.)  Rather, the complaint goes to the admission of the evidence. 
 
Id.  
The trial court is deemed the sole arbiter on the threshold issue of admissibility of relevant evidence during the punishment phase of a trial—reviewed under an abuse of discretion standard. 
  
Mitchell v. State
, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). 
 The finder of fact determines whether the State has met its burden of proof regarding the evidence. 
 
Id.  
When the punishment is determined by the trial court, the trial court assumes both of these roles.  
See Smith
, 227 S.W.3d at 759-60
.  

With this paradigm in mind, we will construe Appellant’s complaint as a challenge to the admission of the extraneous offense evidence.  And we will examine the extraneous offense evidence complained of and decide whether  the trial court abused its discretion by determining that there is evidence upon which a fact finder could find beyond a reasonable doubt that Appellant committed the extraneous offenses.  

Three witnesses testified concerning the first unadjudicated offense, which allegedly occurred at a Whole Foods grocery in Plano, Texas, on September 21, 2005.  One of the witnesses, an employee of Whole Foods, testified that he observed Appellant near the checkout line with a cart of groceries.  He testified that he observed Appellant wait until the manager and security guard turned their backs and then “bol[t] out the door.”  The employee immediately notified his manager and the store’s security guard—a fully-uniformed off-duty police officer.    

The manager of Whole Foods also testified.  He had been standing near the door with the officer when Appellant allegedly absconded with the cart of groceries.  The employee who had observed Appellant leave had told him that “somebody just walk[ed] out [of] the store with a basket full of stuff.”  He testified that he then observed Appellant pushing a cart of unbagged groceries toward a car.  He further testified that he and the officer called out for her to stop.  Appellant then abandoned the cart and got into her car.  He also witnessed the officer prevent Appellant from driving away and arrest her.  At trial, he identified Appellant as the culprit.  

The officer then testified to her account of the events.  Her recollection parallels that of the manager.  But her testimony was more in-depth concerning her efforts to apprehend Appellant.  After the officer had called out to Appellant, she too witnessed Appellant abandon the cart and “r[u]n toward her vehicle.”  The officer further testified that Appellant locked her door and started the engine.  The officer told Appellant to get out of the car, to which Appellant responded that the cart was not hers.  Because Appellant was blocked from driving forward, the officer went and stood behind the car, recorded the license plate number, and noted that the car was marked with a rental agency sticker.  Appellant responded by slowly backing toward the officer.  The officer then slammed her hand on the trunk and again ordered the Appellant to exit the car. After being convinced that Appellant would not comply, the officer successfully entered the car using the rear driver’s-side door.  Once in the vehicle, the officer commanded Appellant “several times” to stop the car.  Appellant eventually succumbed to the officer’s demands.  The officer turned off the engine, ordered Appellant out of the car, and arrested her.  

Two witnesses testified to the events surrounding the second unadjudicated extraneous offense.  The first witness was the assistant manager of an Ann Taylor retail store in Plano, Texas.  She had observed Appellant in the store with several pieces of clothing over her arm.  She then observed Appellant running away from the store.  By that time, her supervisor had run to the door and relayed the license plate number of the car that Appellant had left in.  The next witness to testify concerning the second unadjudicated offense was a Plano detective who had been assigned to the case.  The detective used the license plate information to trace the car to yet another rental agency.  That information led Plano police to Appellant. 
 

In a number of shoplifting cases in which courts have addressed the factual sufficiency of the evidence in proving the offense of theft beyond a reasonable doubt, testimony that the defendant was seen
 either taking or concealing the property was held factually sufficient to prove that the defendant had committed a theft. 
 See, e.g., Hill v. State,
 633 S.W.2d 520, 521 (Tex. Crim. App. 1981); 
Velasquez v. State,
 503 S.W.2d 239, 240 (Tex. Crim. App. 1973).  
For example, in 
Hill
, the only testimony submitted to the jury on the issue of guilt was that of the complaining witness. 
 633 S.W.2d at 521.  The witness testified that he saw the defendant attempting to tuck one piece of merchandise under his shirt.  
Id.  
When the defendant was asked what he was doing, he dropped that piece of merchandise, removed another from under his shirt, and then fled the store.  
Id. 
 In 
Velasquez
, the only evidence was the sole testimony of an assistant manager of a retail store. 
 503 S.W.2d at 240.  The assistant manager testified that the defendant was observed taking several pairs of pants off a rack, stuffing them into a sack, and then walking out the side door with the sack without paying.  
Id.
 The court of criminal appeals held that there was factually sufficient evidence for the conviction of theft in both cases. 
Hill,
 633 S.W.2d at 521; 
Velasquez,
 503 S.W.2d at 240; 
see also
 
Onwukwe v. State
, 186 S.W.3d 81, 86 (Tex. App.—Houston [1st
 Dist.] 2005, no pet.) (holding evidence factually sufficient to support conviction of theft when two store employees testified that they saw defendant attempt to conceal merchandise and then attempt to leave store without paying). 

Here, the trial court had even more evidence as to each of the alleged unadjudicated extraneous offenses than existed in either 
Hill 
or 
Velasquez. 
Thus, we hold the trial court did not abuse its discretion by determining that the evidence established beyond  a reasonable doubt that Appellant committed the extraneous offenses
.
  We overrule Appellant’s first issue.  

B. Notice of Intent To Use Extraneous Offense Evidence

In her second issue, Appellant argues that the State failed to timely provide her with the names of witnesses it intended to call regarding the two unadjudicated extraneous offenses.  We disagree.

As a general rule, the State is required to give notice of intent to introduce evidence regarding extraneous crimes or bad acts that have not resulted in a conviction.  
Tex. Code Crim. Proc. Ann.
 art. 37.07 § 3(a)(2)(g) (Vernon 2006).  However, the State’s duty to provide reasonable notice is triggered only
 by a timely request.  
Mitchell v. State
, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998).  A timely request cannot be self-executing but rather must be ruled on by the trial court.  
Id. 
The policy behind requiring the trial court to rule on such requests is to prevent the gamesmanship between advocates that could arise out of an ad hoc approach to this procedure. 
 Id. 
 “To hold otherwise would encourage . . . defendants to bury requests in voluminous motions, hoping the State would either overlook it or believe [the] request to be contingent on a court order.”  
Id.

Appellant cites the unpublished opinion of 
Lathrop v. State
 for the proposition that the State may not wait until the day of the punishment hearing
 to inform a defendant of the names of its witnesses and the subject of their testimony.  No. 04-04-00156-CR, 2005 WL 49480 (Tex. App.—San Antonio 2005, pet. ref’d) (mem. op.) (not designated for publication).  Therefore, Appellant contends, the trial court erred by allowing the witnesses to testify in this case because the State informed Appellant of its witness list only
 on the first day of the punishment hearing.  Appellant’s reliance on 
Lathrop 
is misguided. 

In reviewing 
Lathrop
, we conclude that it is clear the defendant in that case had filed numerous pre-trial motions, including, among other motions, two motions specifically requesting disclosure by the State concerning its intent to use extraneous offense evidence.  
Id.
 at *1.  More importantly, Lathrop’s  motions were granted by the trial court.  
Id.
  In this case, by Appellant’s own admission, she made only
 an oral request for information regarding the extraneous offense evidence.  Thus, there were no motions for the trial court to rule on.  Moreover, the only “evidence” that Appellant ever made a request upon the State is a self-serving affidavit concerning an oral request for this information.
(footnote: 2)  This is the very type of ad hoc approach that the court of criminal appeals declined to endorse in 
Mitchell
.  
 982 S.W.2d at 427.  We overrule Appellant’s second issue.

IV. Conclusion

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment.
 

ANNE GARDNER

JUSTICE

PANEL A: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  October 25, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4

2:
The State correctly points out that the record is void of any indication that this affidavit was ever introduced at trial.  Even if the affidavit were dispositive on this issue, we would be prohibited from considering it as evidence for the first time on 
appeal. 
 
See
 
Whitehead v. State
, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (holding appellate court may not consider factual assertions that are outside the record and party cannot circumvent this prohibition by submitting affidavit for first time on appeal).