Opinion issued December 31, 2009



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00279-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JONATHAN ROLLINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1144787

 

 

MEMORANDUM  OPINION

          A jury convicted appellant Jonathan Rollins of
possession of cocaine weighing more than four grams and less than two hundred
grams.  See Tex. Health & Safety
Code Ann. § 481.115(d) (Vernon Supp. 2009).  In two enhancement paragraphs, the State
alleged that Rollins had been previously convicted of possession of a
controlled substance and possession with intent to deliver a controlled
substance.  The jury found the
enhancement allegations true and assessed punishment at 25 years’
confinement.  On appeal, Rollins alleges
that: (1) the trial court erred by denying his motion to suppress evidence of
his conversation with a police officer; (2) the trial court erred by allowing
the State to use demonstrative evidence; and (3) the evidence is legally and
factually insufficient to support his conviction.

          We modify the judgment and affirm as
modified.

Background

          On July 31, 2007, Houston Police Department Officers
D. Johnson and C. Ponder, tactical police officers in a Southwest Houston
division, saw Rollins drive his car into an apartment complex without using a
turn signal.  The officers had previously
made many narcotics arrests in that apartment complex, which also harbored gun
activity, and they followed Rollins’s car into the parking lot.  Officers Johnson and Ponder watched a man
approach Rollins’s car, speak to Rollins for a few seconds, and get into the
front passenger seat of Rollins’s car.  The
officers checked the license plate number and learned that Rollins was driving
a rental car.  The rental car had been equipped
with after-market, decorative spinner rims on its wheels.  

Officer
Johnson initiated a traffic stop, based on Rollins’s failure to signal a turn.  While Officer Ponder checked for outstanding
warrants for Rollins and his passenger, Officer Johnson spoke to Rollins, who
was standing outside the car on the driver’s side.  Rollins told Officer Johnson that he had the
rental car for approximately one week, though he did not rent it, and that he
had installed the spinner rims.  At
trial, the State displayed to the jury a picture of spinner rims as demonstrative
evidence.  Officer Johnson testified that
the picture did not depict the actual wheels on Rollins’s rental car.  He also said that although he did not know
the value of Rollins’s spinner rims, he believed that a set of four spinner
rims would cost between $2,000 and $4,000. 


Officer
Ponder’s search showed an outstanding arrest warrant for Rollins.  Officer Ponder arrested Rollins, and the
officers conducted a search of Rollins’s car. 
They found mail addressed to Rollins above the driver’s-side sun visor
and two small plastic sandwich bags of illegal drugs hidden between the door of
the gas compartment and the gasoline-tank cap. 
One bag contained crack cocaine, and the other contained two smaller
bags of marijuana. 

At
the scene, Officer Johnson weighed the bag containing the crack cocaine using a
scale he admitted at trial was not accurate. 
Officer Johnson testified that the bag and its contents weighed 5.9
grams at the scene.  A Houston Police
Department Crime Lab chemist testified that she tested the substance in the bag
and found it to be crack cocaine.  She said
that earlier testing by another analyst showed 4.7 grams of crack cocaine, but
when she tested it five months later, it measured 4.1 grams of crack cocaine
due to loss of moisture.  She also
testified that a plastic sandwich-sized bag usually weighs 0.9 to 1.4 grams.  Officer Ponder testified that the crack
cocaine found in Rollins’s car would be worth approximately $400 and the marijuana
would be worth approximately $10.  

          The jury convicted Rollins of
possession of more than four grams and less than 200 grams of cocaine.  Rollins pleaded not true to the two
enhancement paragraphs.  The jury found
the enhancements to be true and sentenced Rollins to 25 years’ imprisonment.  Rollins challenges the trial court’s rulings
admitting testimony about the conversation he had with Officer Johnson and
admitting a picture of spinner rims as demonstrative evidence.  Rollins also challenges the legal and factual
sufficiency of the evidence.  

Rollins’s Statements to
Officer Johnson

In
his second issue, Rollins contends that the trial court erred by denying his
motion to suppress statements that he made to Officer Johnson at the scene of
the traffic stop.  Specifically, Rollins
sought to exclude his statements that he had been driving the car for approximately
one week and that he had installed the spinner rims on the rental car.  At trial, Rollins argued that he was in
custody at the time the statements were made and the officers had not apprised
of him of his Miranda rights in
contravention of Code of Criminal Procedure article 38.23.  See
Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005) (“No evidence obtained by an officer or other person in
violation of any provisions of the Constitution or laws of the State of Texas,
or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case.”); Miranda v. Arizona, 384 U.S. 436, 444,
86 S. Ct. 1602, 1612 (1966).  On appeal,
Rollins contends that the trial court should have excluded his statements
because the officers did not warn him as required by Code of Criminal Procedure
article 38.22.[1]  His sole argument—that he was in custody at
the time the statements were made—rests on the wording of the police report, in
which Officer Johnson first recorded Rollins’s arrest and then recorded his
statements.  

Standard of Review

In
reviewing the trial court’s ruling on a motion to suppress evidence, we apply a
bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Blake v. State,
125 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  We give almost total deference to the trial
court’s determination of historical facts that depend on credibility, while we
conduct a de novo review of the trial court’s application of the law to those
facts.  Carmouche, 10 S.W.3d at 327.  The trial court is the sole judge of the
credibility of the witnesses and decides the weight to give their testimony.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  If, after a hearing on a motion to suppress,
the trial court does not file findings of fact, we view the evidence in the
light most favorable to the trial court’s determination, and we assume that the
trial court made implicit findings of fact in support of its determination if
those findings are supported by the record.  State v.
Gray, 158 S.W.3d 465, 467 (Tex. Crim. App. 2005).  We must sustain the trial court’s ruling if it
is reasonably supported by the record evidence and is correct under any theory
of law applicable to the case.  State v. Ross, 32 S.W.3d 853, 855–56
(Tex. Crim. App. 2000). 

Custodial Interrogation

Rollins
argues that there is a discrepancy between Officer Johnson’s in-court testimony
and his police report, which implied that Officer Johnson arrested Rollins
before the conversation in which Rollins revealed he had been driving the
rental car for a week and that he had installed the spinner rims.  The police report is not in the record.  At a hearing outside the presence of the
jury, the State explained that Officer Johnson’s police report was not written
in sequential order.  According to the
prosecutor, Officer Johnson recorded Rollins’s arrest and then noted the
conversation he had with Rollins while Officer Ponder was checking
identification at the police car. 
Rollins’s attorney argued to the trial court that the prosecutor had
previously told him that, based on her reading of the police report, the
conversation occurred after the arrest. 
The prosecutor argued that Officer Johnson simply recorded the events
out of sequential order.  During the
suppression hearing, Officer Johnson testified that the information in his
police report appeared out of sequential order. 
The police report indicates that Officer Johnson arrested Rollins, and a
later paragraph in the police report records the conversation Officer Johnson
had with Rollins before his arrest. 
Officer Johnson denied that his police report stated that the
conversation actually occurred after he arrested Rollins.

Furthermore,
Officer Johnson testified that he stopped Rollins for a traffic violation,
i.e., failing to signal a turn.  Officer
Johnson said that he had a brief conversation with Rollins while Officer Ponder
checked for outstanding warrants.  Whether
the statements were made while Rollins was in custody was a question of fact
for the trial court.  Officer Johnson’s
testimony supports the trial court’s implicit finding that the statements were
not the result of custodial interrogation. 
See Gray, 158 S.W.3d at 467.  A
traffic stop does not constitute “custody” for Miranda purposes.  State v. Stevenson, 958 S.W.2d 824, 828
(Tex. Crim. App. 1997) (citing Berkemer
v. McCarty, 468 U.S. 420, 104 S. Ct. 3138 (1984)).  Accordingly, we hold that the trial court did
not err in denying Rollins’s motion to suppress the statements he made to
Officer Johnson.

We
overrule Rollins’s second issue.

Demonstrative Evidence

          In his third issue, Rollins challenges
the trial court’s evidentiary ruling that permitted the State to use a picture
of spinner rims for demonstrative purposes. 
At trial, Rollins objected, “Relevance, it’s not the wheels in this
case.”  There is no dispute that the
picture shown to the jury was not a picture of the rims installed on Rollins’s rental
car.  On appeal, Rollins argues both that
the exhibit was not relevant and that its probative value was substantially
outweighed by the risk of unfair prejudice. 
See Tex. R. Evid. 402, 403.

          To preserve error for appellate review
of an evidentiary ruling, a party must obtain a ruling on a timely and specific
objection, and his issue on appeal must comport with his trial objection.  Tex.
R. App. P. 33.1; Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002). 
Because Rollins objected based only on relevance,[2] he
waived his issue as to the allegedly unfairly prejudicial effect of the
demonstrative evidence.  See Fletcher v. State, 902 S.W.2d 165,
167 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d) (holding that appellant
waived issue as to prejudicial effect of evidence by objecting only to
relevance at trial).

          We review a trial court’s admission of
demonstrative evidence for an abuse of discretion.  See
Simmons v. State, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981); Onwukwe v. State, 186 S.W.3d 81, 84
(Tex. App.—Houston [1st Dist.] 2005, no pet.). 
Relevant evidence is generally admissible at trial.  Tex.
R. Evid. 402.  Relevant evidence
tends to make the existence of a fact of consequence to the determination of
the case more or less probable than it would be without the evidence.  Tex.
R. Evid. 401.  “Visual, real, or
demonstrative evidence, regardless of which term is applied, is admissible upon
the trial of a criminal case if it tends to solve some issue in the case and is
relevant to the cause that is, if it has evidentiary value, i.e., if it sheds
light on the subject at hand.”  Simmons, 622 S.W.2d at 113.  “[A]n article sought to be exhibited to the
jury must be shown to be properly identified, as against any idea of
speculation, conjecture, or presumption of what the exhibit represents.”  Onwukwe,
186 S.W.3d at 84.  A demonstrative
exhibit is admissible if the original, if available, would have been admissible
at trial.  Simmons, 622 S.W.2d at 113; Onwukwe,
186 S.W.3d at 84.  Demonstrative evidence
is admissible “to aid the jury in understanding oral testimony adduced at
trial.”  Fletcher, 902 S.W.2d at 167.

          At trial, Rollins objected that the
picture of spinner rims that the State wanted to show the jury was not
relevant.  Officer Johnson testified that
the picture was not a photograph of Rollins’s car.  Rather, Officer Johnson testified that he
obtained the picture from the internet. 
On appeal, Rollins contends that the State offered the picture “to
portray Rollins as a wealthy drug dealer who equips his vehicle with his
expensive spinner rims.”  The State
argues that this shows that Rollins exercised the kind of control over the car
needed to link him to the illegal drugs discovered near the gasoline cap.  While not the ultimate issue in the case,
whether Rollins exercised control over the car was relevant to the jury’s
determination of whether he possessed the drugs found near the gasoline
cap.  The picture of the spinner rims
aided the jury in understanding the police officers’ testimony about the
improvements that Rollins made to the rental car he drove for approximately one
week.  This would be helpful to the jury by
enabling them to determine if the installation of spinner rims tended to
demonstrate Rollins’s control over the rental car.  In addition, a photograph of the spinner rims
that were actually installed on Rollins’s rental car would have been relevant
for the same reason and admissible at trial. 
Therefore, we hold that the trial court did not abuse its discretion by
admitting the picture of spinner rims for demonstrative purposes.  See Simmons,
622 S.W.2d at 113; Onwukwe, 186
S.W.3d at 84.

          We overrule Rollins’s third issue.

Sufficiency
of the Evidence

          In his first issue, Rollins contends
that the evidence is legally and factually insufficient to support his
conviction for possession of cocaine weighing between four and two hundred
grams.

Standards of Review

When
evaluating the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Powell v. State, 194 S.W.3d 503, 506
(Tex. Crim. App. 2006).  This standard
applies to both direct and circumstantial evidence.  King v.
State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  We do not weigh any evidence or evaluate the
credibility of any witnesses, as this was the function of the trier of fact.  Margraves
v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Instead, we determine whether both the
explicit and implicit findings of the trier of fact are rational by viewing all
the evidence admitted at trial in the light most favorable to the verdict and
resolving any inconsistencies in the evidence in favor of the verdict.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843
(Tex. Crim. App. 1991).

“When
conducting a factual sufficiency review, we view all of the evidence in a
neutral light.”  Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999).  We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Under the first prong of Johnson, we cannot conclude that a conviction is “clearly wrong” or
“manifestly unjust” simply because, on the quantum of evidence admitted, we
would have voted to acquit had we been on the jury.  Watson
v. State, 204 S.W.3d 405, 417 (Tex. Crim. App. 2006).  Under the second prong of Johnson, we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury’s resolution of
that conflict. Id.  Before finding that evidence is factually
insufficient to support a verdict under the second prong, we must be able to
say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  Id.  In conducting a factual sufficiency review, we
also must discuss the evidence that, according to the appellant, most
undermines the jury’s verdict.  See Roberts v. State, 221 S.W.3d 659,
665 (Tex. Crim. App. 2007).

We
may not re-weigh the evidence and substitute our judgment for that of the
fact-finder.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The fact-finder alone determines what weight
to place on contradictory testimonial evidence because that determination
depends on the fact-finder’s evaluation of credibility and demeanor.  Cain v.
State, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997).  As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the
testimony presented.  Id. at 407.

Possession of a Controlled Substance

          A
person commits the offense of possession of a controlled substance if he
intentionally or knowingly possesses cocaine or crack cocaine.  Tex.
Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a) (Vernon Supp.
2009).  “Possession” is “a voluntary act
if the possessor knowingly obtains or receives the thing possessed or is aware
of his control of the thing for a sufficient time to permit him to terminate
his control.”  Tex. Penal Code Ann. § 6.01(b) (Vernon 2003).  Proof of the offense requires a showing that
the accused (1) exercised care, control, or management over the contraband and
(2) knew that he possessed contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Edwards v. State,
178 S.W.3d 139, 143 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  

“When the accused is not
in exclusive possession of the place where the substance is found, it cannot be
concluded that the accused had knowledge of and control over the contraband
unless there are additional independent facts and circumstances which
affirmatively link the accused to the contraband.”  Deshong v. State, 625 S.W.2d 327, 329
(Tex. Crim. App. 1981); accord Nhem v. State, 129 S.W.3d 696, 699
(Tex. App—Houston [1st Dist.] 2004, no pet.).  “Because, under our law, an accused must not
only have exercised actual care, control, or custody of the substance, but must
also have been conscious of his connection with it and have known what it was,
evidence which affirmatively links him to it suffices for proof that he
possessed it knowingly.”  Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  “It is not sufficient to show the accused was
merely present in the vicinity of the controlled substance.”  Batiste v. State, 217 S.W.3d 74, 79–80
(Tex. App.—Houston [1st Dist.] 2006, no pet.). 
Rather, the evidence must establish that the accused’s connection to the
substance was more than just fortuitous. 
Poindexter, 153 S.W.3d at 405–06.

Courts have identified a
non-exhaustive list of factors that may help to link an accused to controlled
substances.  Nhem, 129 S.W.3d at
699.  These links may include (1) the
accused’s presence when a search is conducted, (2) whether the narcotics were
in plain view, (3) the accused’s proximity to and the accessibility of the
narcotics, (4) whether the accused was under the influence of narcotics when
arrested, (5) whether the accused possessed other contraband or narcotics when
arrested, (6) whether the accused made incriminating statements when arrested,
(7) whether the accused attempted to flee, (8) whether the accused made
furtive gestures, (9) whether there was an odor of contraband or narcotics,
(10) whether other contraband or narcotic paraphernalia was present, (11)
whether the accused owned or had the right to possess the place where the
narcotics were found, (12) whether the place in which the narcotics were
found was enclosed, (13) whether the accused was found with a large amount
of cash, and (14) whether the conduct of the accused indicated a consciousness
of guilt.  Evans v. State, 202
S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).  It is not the number of links present that is
important, but rather the “logical force” that they create to prove that the
defendant committed the crime.  Nehm,
129 S.W.3d at 699–70.

          In this case, the police officers
discovered the cocaine hidden between the door of the gasoline compartment and
the gasoline-tank cap.  Rollins was the
driver of the rental car in which the crack cocaine was found.  Rollins told the arresting officer that he had
been in possession of the rental car for about one week and that he had
installed after-market spinner rims to improve the appearance of the car.  

Rollins
was also the sole occupant of the car at the time of the traffic violation.[3]  The arresting officers testified that the
other man got in the car in the parking lot of the apartment complex, and he
did not approach the gas compartment.  While searching the vehicle, the officers found
mail addressed to Rollins above the driver’s-side visor.  Finally, the officers found marijuana in
addition to the cocaine.  Rollins’s
possession and use of the car for a week, his installation of spinner rims, his
mail found tucked behind the driver’s-side visor, and the fact that he was
driving the car while the cocaine and marijuana were secreted near the gas tank
are all links supporting Rollins’s knowing possession of the cocaine.  See
Brown, 911 S.W.2d at
747.  

Nevertheless, Rollins
argues that the evidence is legally and factually insufficient because the
police did not test the bags of cocaine and marijuana for fingerprints, because
Rollins did not appear to be under the influence of drugs, and because there
was no odor of marijuana emanating from the car.  Furthermore, Rollins argues that he could
have shared the car with another person or that another person could have
hidden the contraband near the gasoline tank without Rollins’s knowledge.  As we have noted, it is the logical force of
the links, not the number of links, which is important to our analysis.  See Nehm, 129 S.W.3d at 699–70.  Moreover, the Court of Criminal Appeals
rejected the “outstanding reasonable hypothesis” standard in Brown.  911 S.W.2d at 748.  “The ultimate consequence is that each
defendant must still be affirmatively linked with the drugs he allegedly
possessed, but this link need no longer be so strong that it excludes every
other outstanding reasonable hypothesis except the defendant’s guilt.”  Id. 


          Viewing the evidence in the light most
favorable to the jury’s verdict, we conclude that a rational trier of fact
could have found the elements of possession of a controlled substance beyond a
reasonable doubt.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Powell, 194
S.W.3d at 506.  Furthermore, viewing the
evidence in a neutral light we cannot say that the verdict is clearly wrong or
against the great weight and preponderance of the evidence.  Johnson,
23 S.W.3d at 11.

          Accordingly we overrule Rollins’s first
issue.

Reformation
of the Judgment

 

          Finally, we note that the trial
court’s judgment does not accurately comport with the record in that it does
not reflect Rollins’s pleas of not true to the enhancements charged in the
indictment or the jury’s verdict of true. 
“An appellate court has authority to reform a judgment to include an
affirmative finding to make the record speak the truth when the matter has been
called to its attention by any source.”  French v. State, 830 S.W.2d 607, 609
(Tex. Crim. App. 1992) (citing Asberry v.
State, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref’d)); accord Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.]
2001, no pet.) (“An appellate court has the power to correct and reform a trial
judgment to make the record speak the truth when it has the necessary data and
information to do so.”); see also Tex. R. App. P. 43.2(b).  The record supports modification of the judgment
because the court reporter’s record reflects that appellant entered a plea of
not true. Accordingly, the trial court’s judgment is modified to reflect that
appellant pleaded not true to both enhancements alleged by the State and to
reflect that the jury found both enhancements true.

Conclusion

 

          We modify the judgment of the trial
court and, as modified, we affirm.  

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel consists of
Justices Bland, Massengale, and Wilson.[4]

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1]         Article
38.22, section 3 of the Code of Criminal Procedure specifies procedures for
admitting an oral statement made as a result of custodial interrogation into
evidence against the accused in a criminal proceeding.  The procedures include, among other things, a
requirement that Miranda warnings be
administered.  See Tex. Code Crim. Proc.
Ann. art. 38.22, §§ 2(a), 3(a)(2) (Vernon 2005).  Rollins’s appellate objection based on article
38.22, therefore, comports with his trial objection based on article 38.23 and Miranda. 
See Tex. R. App. P. 33.1.  





[2]        State:          State is tendering Exhibit One to
defense counsel.  Just an illustration of
what a spinner might look like.

          Defense:      In this
case?

          State:          No,
this is just in general.  Not specific
demonstration.

          Defense:      I
object, Judge.  Relevance, it’s not the
wheels in this case.

          The court:   For
demonstration.

          State:          I can
do it for demonstrative purposes—

          Defense:      This is not relevant.  We don’t know what brand, style, how much
those rims cost.

 





[3]        The fact
that Rollins was the sole occupant of the vehicle distinguishes his case from Blackman v. State, No. 01-08-00138-CR,
2009 WL 5064763 (Tex. App.—Houston [1st Dist.] Dec. 22, 2009, no pet. h.).  In Blackman,
the appellant was a front-seat passenger in a vehicle along with two other
occupants of the vehicle, and he was convicted of possessing cocaine found
behind the driver’s seat, in a box with a lid on it, and under a blanket.  2009 WL 2634622 at *2.  Moreover, the evidence in this case amply
demonstrated that Rollins had control of the rental car, whereas the evidence
in Blackman was held not to have
established that the appellant in that case had control over the vehicle.  See id.
at *6.





[4]           The Honorable Randy W. Wilson, judge of the 157th
District Court of Harris County, Texas, participating by assignment.  See
Tex. Gov’t Code Ann. § 74.003(h)
(Vernon 2005).