**Affirmed and Memorandum Opinion filed February 12, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00418-CR

**KEVIN DEVON BATTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1499409**

## MEMORANDUM OPINION

Appellant Kevin Devon Batts appeals his conviction for aggravated assault with a deadly weapon.[1] Appellant brings one issue, asserting ineffective assistance of counsel because his trial counsel failed to move to suppress or object to identifying evidence obtained from a legal citation found during a warrantless search and failed to object to the in-court identifications of appellant by three

---

[1] Tex. Penal Code § 22.02(a)(2).

eyewitnesses. We conclude that appellant has not demonstrated ineffective assistance of counsel because the record is silent as to trial counsel's strategy for not moving to suppress or object to the identifying evidence obtained from the citation and because appellant has not demonstrated that the result of the proceeding would have been different. We also conclude that appellant has not demonstrated ineffective assistance of counsel in failing to object to the in-court identifications of appellant because the record is silent as to counsel's strategy and because the identifications were admissible. Counsel cannot be deemed ineffective for failing to object to admissible evidence. We, therefore, affirm the trial court's judgment.

### BACKGROUND

The State presented evidence that around February 9, 2016, appellant purchased a stereo amplifier from the complainant, Deandra Walls. Appellant and Walls lived in the same apartment complex and Walls knew appellant, whom he knew by the name of "Kelbo," from seeing him around the complex. On February 11, 2016, just before 3:00 p.m., appellant was apparently unsatisfied with his purchase of the amplifier and went to Walls' apartment to ask for his money back. Walls, who was sitting on his front porch with a few other people, refused. Appellant then went to his apartment and a few minutes later returned with a woman who was carrying the amplifier. Appellant again asked Walls to return his money. Walls agreed this time and gave appellant the money. Walls told the woman holding the amplifier to put it down on a nearby mattress. Instead, the woman slammed the amplifier on the concrete ground, possibly breaking it. Walls then took the money back out of appellant's hand.

Appellant returned to his apartment and a few minutes later came back to Walls's front porch holding a gun. At that time, Walls was sitting on his front

2

porch, along with his brother and long-time girlfriend Brandi Tillman. In front of Walls's brother and Tillman, appellant demanded his money back and while doing so pointed the gun at Walls's head and pulled the trigger a few times, but the gun jammed. Appellant then adjusted the gun and pointed towards Walls's leg, at which point appellant discharged the gun, shooting Walls in the left thigh. Walls said "you just shot me Kelbo." Walls then told appellant he would get him his money. Walls limped into his apartment bedroom to get the money, with appellant following him inside. Appellant took the money from Walls and then ran out of the apartment towards a waiting vehicle in a nearby parking lot and left the scene. An ambulance transported Walls to the hospital where he was treated for a flesh wound to his thigh.

Meanwhile, Tillman, along with several other people, had called 9-1-1 asking for help. Police were nearby and quickly arrived to investigate the shooting. Officer T. Hernandez, a responding officer from the Houston Police Department, spoke with bystanders, who told him the suspect had fled to his apartment and pointed Hernandez to appellant's apartment. Police set up a perimeter around the apartment and then went in without a warrant. Once inside, police verified that no one was at the apartment and while doing so, Hernandez's fellow officer observed a gun and ammunition sitting on a shelf in the closet. The second officer also found a legal citation issued to appellant next to the gun and ammunition. Hernandez used the citation to obtain appellant's driver's license number and a photograph of appellant. He then showed the photograph of appellant to the bystanders, who confirmed it was a picture of the shooter.

Police eventually located and arrested appellant for the shooting. The State charged appellant with aggravated assault with a deadly weapon, a second-degree felony. Appellant pleaded "not guilty" and waived his right to a jury trial,

choosing to submit the case to the bench. During the trial, appellant's trial counsel moved to suppress evidence of the gun and ammunition found on the shelf in the closet, arguing that the items were found during a warrantless search and were not within the plain-view exception to a warrantless search. The trial court found that the warrantless entry fell within the emergency doctrine and was reasonable under the circumstances. Because the officer that first located the items during the search was unavailable to testify as to exactly what items were in plain view, the trial court granted the motion to suppress the firearm, the magazine, and the contents of the magazine. Trial counsel did not expressly include in the motion to suppress, nor did he object to testimony regarding, the citation located next to the gun and ammunition, from which the police obtained appellant's name and photograph.[2]

The State called five witnesses at trial, three of whom testified as eyewitnesses to the shooting. Walls, his girlfriend Tillman, and his brother each testified that they saw the shooting happen and identified appellant as the shooter.[3] The trial court found appellant guilty as charged in the indictment. The trial court also found the enhancement paragraph in the indictment to be true and sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for fifteen years. This appeal followed.

## ANALYSIS

Appellant argues in his sole issue that he received ineffective assistance of

---

[2] We note that counsel did move during the suppression hearing to suppress "the items of evidence that are on that shelf."

[3] Walls, Tillman, and Walls's brother each identified the man they saw shoot Walls sitting in the courtroom wearing an orange shirt. The prosecutor did not ask the trial court to have the record reflect that each witness pointed to and identified the defendant. The trial court, on its own, noted in the record that "each witness was asked by the prosecutor if they could identify the person in court that they had seen committing the shooting, each of those persons identified the charged defendant in this case, Kevin Batts." The court later stated "[a]ll three unambiguously indicated this defendant sitting next to [trial counsel] at trial."

4

counsel based on: (1) the failure to move to suppress the identifying information found in the legal citation located next to the gun and ammunition or to object to Hernandez's identification testimony based on that citation; and (2) failing to object to the in-court identifications by Walls, Tillman, and Walls's brother. We address each claimed error in turn.

## I. Standards of review and law of ineffective assistance of counsel

An accused is guaranteed the right to assistance of counsel under both the United States Constitution and the Texas Constitution. U.S. Const. amend. VI; Tex. Const. art. 1, § 10; *McCurdy v. State*, 550 S.W.3d 331, 338 (Tex. App.—Houston [14th Dist.] 2018, no pet.). This right to counsel includes the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984); *Ex Parte Jimenez*, 364 S.W.3d 866, 882–83 (Tex. Crim. App. 2012). In assessing claims of ineffective assistance, we apply the two-prong test set forth in *Strickland*. *Jimenez*, 364 S.W.3d at 883. The *Strickland* test requires the defendant to prove, by a preponderance of the evidence, that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *See Jimenez*, 364 S.W.3d at 883.

Courts indulge a strong presumption that trial counsel's actions fell within the wide range of reasonable professional behavior and sound trial strategy. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). To defeat this presumption, a defendant must show ineffectiveness firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*; *McCurdy*, 550 S.W.3d at 339. If, as in most direct appeals, the record is undeveloped, counsel

5

will be found ineffective only if his conduct was so outrageous that no competent attorney would have engaged in it. *See Prine*, 537 S.W.3d at 117; *McCurdy*, 550 S.W.3d at 339 ("In the face of a silent record, we cannot know trial counsel's strategy, so we will not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." (internal quotation marks omitted)).

Conscious decisions not to move to suppress or object to evidence are not insulated from review, and they typically are based on trial strategy. *See McCurdy*, 550 S.W.3d at 339. Strategic decisions typically require courts to evaluate counsel's reasons for making the decision, thus requiring a developed record in most cases. *Id.* "The record on direct appeal is generally insufficient to show that counsel's performance was deficient." *Prine*, 537 S.W.3d at 117; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

## A. *Failure to move to suppress evidence of the citation and object to the identification.*

A trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel. *Wert v. State*, 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.). To prove ineffective assistance of counsel for failing to move to suppress evidence, appellant is required to show that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam) (to satisfy *Strickland* appellant is obliged to prove that motion to suppress would have been granted); *Wert*, 383 S.W.3d at 753. To demonstrate that the failure to object amounted to ineffective assistance, appellant first must show that the trial court would have erred in overruling such an objection. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Appellant filed a motion for new trial, but the motion did not include ineffective assistance of counsel as a ground or any evidence and was overruled by operation of law without a hearing. The record is thus silent as to why appellant's trial counsel chose not to move to suppress evidence of the legal citation or failed to object to Hernandez's resulting identification. To satisfy the first prong of *Strickland* on a silent record, it must be apparent "that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of [counsel's] subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (conduct "so outrageous that no competent attorney would have engaged in it") (internal quotation marks omitted).

This is not such a case. There are plausible reasons for not objecting to inadmissible testimony. *See Thompson*, 9 S.W.3d at 814 (holding the presumption of strategy was not rebutted when record was "silent as to why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay"). The record from trial reflects that appellant pursued theories of self-defense and that he did not intend to cause bodily injury. Both theories are based on appellant acting as the shooter, rather than a complete lack of his identity as the shooter. Thus, it is plausible that trial counsel did not move to suppress or object to Hernandez's testimony regarding the identification because appellant's defensive theories depended upon appellant's identification as the shooter. The record does not reflect that the failure to move to suppress or object to the evidence from the citation was so outrageous that no reasonable attorney would have failed to object. In the absence of a developed record regarding counsel's strategy, we cannot conclude counsel was ineffective. *See McCurdy*, 550 S.W.3d at 339.

7

Even assuming the trial court would have granted the motion to suppress evidence of the legal citation and resulting identification by Hernandez for the same reason it suppressed evidence of the gun and ammunition, appellant has not met the prejudice prong required for an ineffective-assistance claim. Three eyewitnesses, including the complainant himself, testified that appellant was the person who shot Walls. That remaining evidence would have been sufficient to support the trial court's verdict of guilty. *See Martinez*, 330 S.W.3d at 902 (appellant failed to meet the prejudice prong of *Strickland* test because even disregarding inadmissible evidence, the remaining evidence against defendant, in its totality, was strong and would support a jury's finding of guilt); *Straight v. State*, 515 S.W.3d 553, 567–68 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (appellant failed to show result of proceeding would have been different even had trial counsel moved to suppress where officers also relied on other eyewitness identification and distinctive features to identify defendant).

## B. Failure to object to the in-court identifications

Appellant also challenges the failure of his trial counsel to object to the in-court identifications of appellant. Appellant argues the in-court identifications of appellant as the shooter were tainted by the illegally obtained evidence and were unduly suggestive because appellant was the only person on trial and sitting at counsel table with his attorney. We disagree.

As with the failure to move to suppress or object to evidence of the identification made from the legal citation, the record is silent as to trial counsel's reasons for not objecting to the in-court identifications. For the same reasons described above, the absence of a developed record regarding counsel's strategy precludes a finding that counsel was ineffective. *See McCurdy*, 550 S.W.3d at 339.

In addition, appellant has not demonstrated that an objection to the in-court identifications would have been granted. Appellant contends the in-court identifications of the three eyewitnesses were tainted by the allegedly illegally obtained evidence from the legal citation, but he provides no evidence showing a causal link between the two. A defendant, as the party seeking to exclude evidence, has the burden of establishing a causal connection between the violation of his rights and the evidence obtained. *See Pham v. State*, 175 S.W.3d 767, 774 (Tex. Crim. App. 2005) ("...the burden is on the defendant, as the moving party in a motion to suppress evidence obtained in violation of the law under Art. 38.23, to produce evidence demonstrating the causal connection. . .."); *State v. Callaghan*, 222 S.W.3d 610, 616 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (burden is on defendant to prove that causal connection exists). Here, there was no testimony establishing that the identification of appellant obtained from the legal citation was actually shown to or used by any of the three eyewitnesses to identify appellant as the shooter. Hernandez testified only that he showed the photo to the bystanders. The testifying eyewitnesses each had independent knowledge of appellant's identity through their prior interactions with him or through seeing the shooting itself. *See Pichon v. State*, 683 S.W.2d 422, 426 (Tex. Crim. App. 1984) (en banc).

Appellant also argues the in-court identifications "were tainted by the illegally obtained evidence because appellant was the only person on trial, and the only other person sitting at counsel table with his attorney." We construe this as an argument that the in-court identifications were impermissibly or unduly suggestive. In-court identifications of a defendant are inadmissible when they have been tainted by an impermissibly suggestive pretrial identification. *Solomon v. State*, 469 S.W.3d 641, 643 (Tex. App.—Houston [14th Dist.] 2015, no pet.). To succeed on a challenge to the in-court identification, appellant must show by clear

and convincing evidence that: (1) the pre-trial identification procedure was impermissibly suggestive; and (2) that the suggestive procedure gave rise to a very substantial likelihood of irreparable misidentification. *Id.*

"When it is established that the witness had an independent basis for identification, the in-court identification will not be reversible error without substantial evidence that the identification was influenced by seeing the defendant at defense counsel's table." *Bradley v. State*, 359 S.W.3d 912, 918 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). As long as the record clearly reveals sufficient evidence of an independent origin for the identification, such as a witness's prior observation, the in-court identification is admissible. *See id.* (citing *Jackson v. State*, 657 S.W.2d 123, 130 (Tex. Crim. App. 1983) (en banc)). The evidence in this case revealed that each of the witnesses providing an in-court identification of appellant as the shooter had a sufficient independent basis for the identification. Walls knew appellant from seeing him at the apartment complex and had just a few days prior to the shooting sold appellant the amplifier. Tillman and Walls's brother both testified that they were outside with Walls at the time of the shooting and saw appellant approach with the gun and shoot Walls. The witnesses were in close proximity to appellant, were able to look at him from many angles, and were near him throughout the encounter. *See Bradley*, 359 S.W.3d at 918. The offense took place during daylight hours, allowing for ample opportunity to see appellant. *See Jackson*, 657 S.W.2d at 129 (providing that witness had an adequate opportunity to view defendant for an hour at their home and engage him in conversation). The in-court identifications were thus admissible. "Trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel." *Oliva v. State*, 942 S.W.2d 727, 732 (Tex. App.—Houston [14th Dist.] 1997), *pet. dism'd, improvidently granted*, 991 S.W.2d 803 (Tex.

Crim. App. 1998) (citing *Cooper v. State*, 707 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd)).

We overrule appellant's sole issue on appeal.

## CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.


/s/    Jerry Zimmerer
Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.

Do Not Publish — TEX. R. APP. P. 47.2(b).