**Affirmed and Memorandum Opinion filed May 27, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00470-CR

**MARTEL SHANIDI BLACK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 5
Harris County, Texas
Trial Court Cause No. 2224835**

## MEMORANDUM OPINION

Appellant Martel Shanidi Black appeals his conviction for assault. *See* Tex. Penal Code § 22.06. In a single issue, appellant contends his counsel rendered ineffective assistance by failing to request a jury instruction on the defense of consent. We affirm.

### BACKGROUND

Appellant was charged with the misdemeanor offense of assault and a jury

trial was held at which the complainant and an off-duty police officer working security testified. Appellant did not appear for trial.

The complainant and his wife were at a bar on the night of the offense. The complainant's wife was walking past the bar when appellant grabbed her by the shoulder. The complainant's wife returned to the couple's table and told the complainant that appellant had "yanked her arm." The complainant confronted appellant in an attempt to "defend" his wife.

The complainant testified that he intended to confront appellant and "thought about" getting physical with him. The complainant "got in [appellant's] face" and "asked him why he put his hands on my wife." Appellant told the complainant to get away from him. When the complainant did not back away appellant lunged toward the complainant, placed his hands around the complainant's neck, and began choking the complainant and pushing him. At that point, security intervened. The complainant put his hands in the air and was escorted to the front of the bar. The complainant's neck was bleeding from the choking and scratching.

On cross-examination the complainant admitted he was "pissed" and intended to pick a fight. The complainant also testified that he never hit appellant. The complainant further admitted that he provoked appellant and he wished he had handled things differently.

Detective Jordan Greenhaw of the Houston Police Department worked an extra job as security at the Whiskey River Bar where the offense took place. Greenhaw heard on his radio that a fight was taking place in the bar and went inside to see what was happening. Greenhaw recognized that appellant was the aggressor and grabbed both of appellant's arms to prevent him from hitting anyone else. After interviewing the complainant and his wife Greenhaw arrested appellant. On cross-examination Greenhaw testified that he was sure the only person swinging was

appellant.

The jury found appellant guilty of assault and assessed punishment at 120 days' confinement in the county jail. The jury further found that appellant had never been convicted of a felony and recommended he be placed on community supervision. The trial court suspended appellant's sentence and placed him on community supervision for 31 days with a condition that appellant serve 30 days in jail.

**ANALYSIS**

In his sole issue, appellant argues his trial counsel was ineffective for failing to request a jury charge instruction on consent.

## I. Standard of review for ineffective assistance of counsel claims

An accused is guaranteed the right to assistance of counsel under both the United States Constitution and the Texas Constitution. U.S. Const. amend. VI; Tex. Const. art. 1, § 10; *McCurdy v. State*, 550 S.W.3d 331, 338 (Tex. App.—Houston [14th Dist.] 2018, no pet.). This right to counsel includes the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984); *Ex parte Jimenez*, 364 S.W.3d 866, 882–83 (Tex. Crim. App. 2012). In assessing claims of ineffective assistance, we apply the two-prong test set forth in *Strickland*. *Jimenez*, 364 S.W.3d at 883. The *Strickland* test requires the defendant to prove, by a preponderance of the evidence, that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Jimenez*, 364 S.W.3d at 883.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional

and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430; *see Ramirez v. State*, 422 S.W.3d 898, 903 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) ("[T]o establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *See*

*Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).").

In this case appellant did not file a motion for new trial alleging ineffective assistance of counsel or develop a record of counsel's reasons for her actions. Therefore, the record is silent as to trial counsel's strategy.

**II.    Trial counsel did not render ineffective assistance by failing to request a jury instruction on the defense of consent.**

To demonstrate deficient performance based on the failure to request a jury instruction, an appellant must show he was entitled to the instruction. *Washington v. State*, 417 S.W.3d 713, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999)). When an appellant has nothing to lose by requesting a defensive instruction and it would have been error for the trial court to refuse the instruction, we may find deficient performance even without counsel's explanation for failing to request the instruction. *Id*. (citing *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992) (defense of necessity); *Ex parte Zepeda*, 819 S.W.2d 874, 877 (Tex. Crim. App. 1991) (accomplice witness)).

Appellant asserts his trial counsel rendered ineffective assistance by failing to request a jury instruction on the defense of consent to assault. The victim's effective consent or the actor's reasonable belief the victim consented to the actor's conduct is a defense to assault if the conduct did not threaten or inflict serious bodily injury. Tex. Penal Code § 22.06(a)(1). "When evidence at trial raises the defense of consent, 'the court shall charge [the jury] that a reasonable doubt on the issue requires that the defendant be acquitted.'" *Allen v. State*, 253 S.W.3d 260, 261 (Tex. Crim. App. 2008) (quoting Tex. Penal Code § 2.03(d)). But when a party claims the defense of consent or "mutual combat," there must be evidence of an antecedent agreement to fight. *See Lujan v. State*, 430 S.W.2d 513, 514 (Tex. Crim. App. 1968); *see also*

*Miller v. State*, 312 S.W.3d 209, 212 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (concluding evidence existed that a teenager provoked his father into a fight; therefore, the trial court erred by refusing the instruction). The evidence supporting a consent defense may be presented by the State or the defense. *Miller*, 312 S.W.3d at 212. If the evidence viewed in the light most favorable to appellant supports the defense, then an instruction is required. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).

Here, there is no evidence the complainant agreed to engage in a fight with appellant. When a defendant claims the defense of consent or mutual combat, there must exist evidence of an antecedent agreement to fight before the court is obligated to submit an instruction on the matter. *Davis v. State*, 533 S.W.3d 498, 513–14 (Tex. App.—Corpus Christi 2017, pet. ref'd). Appellant cites us to no such agreement. While the complainant admitted he thought about "getting physical," intended to "pick a fight," and that he was angry, there is no evidence that he agreed to fight appellant. *Cf. Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008) (complainant taunted the defendant by stating, "'go ahead,' 'come on,' 'slap me,' 'hit me.'"). We hold appellant was not entitled to a jury instruction on the defense of consent. Because we conclude there was no antecedent agreement to fight we need not address whether the complainant suffered serious bodily injury.

Even if appellant would have been entitled to an instruction on consent if counsel requested it, "the failure to request the instruction was not objectively unreasonable because defensive issues frequently depend upon trial strategy and tactics." *Okonkwo v. State*, 398 S.W.3d 689, 697 (Tex. Crim. App. 2013) (quotation omitted) (reversing court of appeals and holding that trial counsel was not ineffective for failing to request a mistake of fact instruction). "[J]ust because a competent defense attorney recognizes that a particular defense *might* be available to a

particular offense, he or she could also decide it would be inappropriate to propound such a defense in a given case." *Id.* (alteration in original) (quoting *Vasquez v. State*, 830 S.W.2d 948, 950 n.3 (Tex. Crim. App. 1992)).

On this record, we cannot say that defense counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392. Therefore, we conclude that appellant has not satisfied the first prong of *Strickland* on his ineffective-assistance complaint related to the failure to request a jury instruction on the defense of consent. We overrule appellant's issue.

## CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.


/s/  Jerry Zimmerer
   Justice


Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).