In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00289-CR
_____

JOSETTE RICHARDSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 3
Jefferson County, Texas
Trial Cause No. 328179

## MEMORANDUM OPINION

The trial court, sitting without a jury, convicted Appellant Josette Richardson of theft of personal property worth at least $750 but less than $2500, a Class A misdemeanor. Tex. Penal Code Ann. § 31.03(e)(3). In three appellate issues, Appellant appeals the trial court's judgment, arguing, first, that she did not waive her right to a jury trial. Appellant further argues that there was a fatal variance between the allegation against her and the proof at trial, and that due to that variance,

1

the evidence at trial was insufficient to support her conviction. The State concedes that Appellant did not waive her right to a jury trial in the manner expressly provided by our Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 1.13. We therefore reverse the trial court's judgment and remand this case to the trial court.

## I. Background

Appellant and her former neighbor, C.K.,[1] were involved in an ongoing controversy, apparently over a wheelchair that Appellant had provided for C.K.'s use.[2] When Appellant requested that C.K. return the wheelchair, their relationship became unpleasant, and C.K. accused Appellant of stealing and killing her dog. Due to the reported value of the dog, Appellant was charged with committing a Class A misdemeanor. Tex. Penal Code Ann. § 31.03(e)(3).

When the case came to trial, Appellant pleaded "not guilty."[3] Appellant neither demanded nor waived a jury trial, but proceeded to trial before the court, which found her guilty of the offense charged. Appellant urges reversal of the trial court's judgment because the trial court violated her right to a jury trial. U.S. Const.

---

[1] We refer to the crime victim by her initials to conceal her identity. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process."). See *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[2] It is not clear from the record whether the wheelchair was intended as a loan or a gift.

[3] The trial court's judgment erroneously reflects Appellant's plea as "guilty."

amends. VI, XIV § 1; Tex. Const. art. 1, § 15; Tex. Code Crim. Proc. Ann. art. 1.13(a). Appellant further urges reversal on the basis of a fatal variance between the allegation in the information and the evidence presented at trial. Specifically, the information stated that the dog was a miniature schnauzer, yet the trial testimony showed that the dog was, in fact, a cross between a schnauzer and a Lhasa apso. Therefore, Appellant contends, the variance between the information and the proof at trial resulted in the evidence being insufficient to sustain her conviction.

## II. Standard of Review

Because neither the federal nor the state constitution requires that a criminal defendant waive a jury trial in writing, we evaluate a failure to comply with Article 1.13 as statutory, non-constitutional error subject to a harm analysis pursuant to Rule 44.2(b). *See* Tex. Code Crim. Proc. Ann. art 1.13(a); Tex. R. App. P. 44.2(b); *Johnson v. State*, 72 S.W.3d 346, 347-48 (Tex. Crim. App. 2002).

## III. Analysis

### A. Right to a Jury Trial

Here, as in *Samudio v. State*, the record is silent as to Appellant's waiver of her right to a jury trial. 648 S.W.2d 312, 314-15 (Tex. Crim. App. 1983). Under these circumstances, we cannot find that Appellant waived this right. *Id.* The State agrees that Appellant therefore is entitled to relief. We sustain Appellant's first issue.

## B. Variance and Sufficiency of the Evidence

Even though we reverse on the first issue, Appellant has raised a sufficiency of the evidence claim and we are directed to consider the sufficiency of the evidence review. *See Springsteen v. State*, No. AP-74,223, 2006 WL 1412244, at *1 (Tex. Crim. App., May 24, 2006) (citations omitted) ("If the evidence in a criminal prosecution was not sufficient, as a matter of law, to prove a defendant's guilt, the Double Jeopardy and Due Process Clauses of the United States Constitution do not permit the courts of a state to retry a criminal case after the reversal of a conviction on appeal."). "Therefore, even when it has found reversible error in the trial, an appellate court must consider a complaint that the evidence was legally insufficient." *Id.* at *1. (citations omitted). "Because variances are considered in connection with the sufficiency of the evidence, we consider the law related to these two issues together." *Keating v. State*, No. 01-19-00981-CR, 2022 WL 1787430, at *4 (Tex. App.—Houston [1st Dist.] June 2, 2022, no pet.) (mem. op., not designated for publication).

"We analyze an alleged variance between the charging instrument and the proof at trial under a sufficiency-of-the-evidence standard." *McCurdy v. State*, 550 S.W.3d 331, 338 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citation omitted). Evidence is legally sufficient to support a criminal conviction if any rational trier of fact could have found each essential element of the offense beyond a reasonable

4

doubt after considering the cumulative force of all the incriminating circumstances in the light most favorable to the conviction. *See Jackson v. Virginia*, 443 U.S. 307, 313-14 (1979); *Ramsey v. State*, 473 S.W.3d 805, 808-09 (Tex. Crim. App. 2015); Tex. Penal Code Ann. § 2.01.

As Appellant correctly notes, the information identifies the dog as miniature schnauzer, while the trial testimony calls the dog both a miniature schnauzer and a "schapso," or a schnauzer/Lhasa apso cross. These inconsistent descriptions of the dog do represent a variance between what was alleged and what was proven. That variance does not, however, require reversal unless it is material. *See Hernandez v. State,* 556 S.W.3d 308, 312-13 (Tex. Crim. App. 2017). A variance is material if (1) the information failed to sufficiently inform Appellant of the charge to allow her to prepare for an adequate defense at trial or (2) prosecution under the information, as drafted, would subject Appellant to the risk of being prosecuted later for the same crime. *See Santana v. State*, 59 S.W.3d 187, 195 (Tex. Crim. App. 2001) (citations omitted). Neither of these possibilities applies to the case before us.

Appellant bears the burden of demonstrating surprise or prejudice. *Id.* at 194. Section 31.03(a) of the penal code sets out the offense of theft as "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code Ann. § 31.03(a). The appellate record does not indicate that the dog's exact pedigree prevented Appellant from preparing her

5

defense. Appellant likewise does not show how the wording of the information could subject her to future prosecution for the same crime. In fact, although Appellant makes the conclusory statement that this variance "was material and prejudicial[,]" nowhere in her brief does she elaborate on this contention by explaining the materiality and prejudice to her defense. *Bohannan v. State*, 546 S.W.3d 166,179-80 (Tex. Crim. App. 2017) (holding that conclusory statements do not satisfy the requirement to provide a "clear and concise argument").

The testimony at trial established that Appellant took (appropriated) the dog (property) from the complainant (the owner) and put it in her car, left the premises, and did not return the dog to the complainant—all without her permission (effective consent). Viewing the evidence in the light most favorable to the conviction, we find the evidence is legally sufficient because a rational trier of fact could have found each essential element of the offense beyond a reasonable doubt after considering the cumulative force of all the incriminating circumstances. *See Jenkins v. State,* 493 S.W.3d 583, 599 (Tex. Crim. App. 2016*)*.

Accordingly, we overrule Appellant's second and third issues.

## IV.  Conclusion

Because Appellant was not afforded her right to a jury trial under the United States Constitution, the Texas Constitution, and Article 1.13 of the Code of Criminal

6

Procedure, we reverse Appellant's conviction and remand the case to the trial court for a new trial.

REVERSED AND REMANDED.

_____
JAY WRIGHT
Justice

Submitted on January 26, 2023
Opinion Delivered May 10, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.